IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OSWALD ENTERTAINMENT GROUP, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>      Defendant. | 5:26-cv-5015<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Oswald Entertainment Group, LLC, states and alleges as follows:

## **PARTIES**

1. Plaintiff Oswald Entertainment Group, LLC, ("OEG") is a Tennessee limited liability company. All of its members are citizens of the State of Tennessee.

2. Upon information and belief, Defendant Fireman's Fund Insurance Company ("FFIC") is an insurance company duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, and it is between citizens of different states.

4. Venue in the United States District Court for the District of South Dakota is proper pursuant to 28 U.S.C. § 1391(b)(2)–(3) because a substantial part of the events or

omissions giving rise to OEG's claims and causes of action occurred in this judicial district, and because FFIC was subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

## **FACTS**[1]

5. FFIC provided general liability insurance coverage to OEG pursuant to an insurance policy ("the Policy"). The Policy was fully paid, effective, and in force during the relevant dates in this matter.

6. FFIC also provided an excess liability insurance policy to OEG ("the Excess Policy").[2] The Excess Policy was fully paid, effective, and in force during the relevant dates in this matter.

7. On June 18, 2025, Zachary Hamilton and Chelsea Hamilton filed a lawsuit ("the Hamilton case") against Harley-Davidson, Inc., ("Harley") and the Deadwood Area Chamber of Commerce and Visitor's Bureau. See Doc. 1, Civ. No. 25-5056 (D.S.D.).[3]

8. The Defendants in the Hamilton case are Harley, the Deadwood Area Chamber of Commerce and Visitor's Bureau, Outlaw Square, Inc., and Prism Motorcycle Company, LLC. See Doc. 17, Civ. No. 25-5056.

9. The Hamiltons allege that the Defendants in their case negligently planned, arranged, and administered an event at Outlaw Square in Deadwood, South Dakota, on August

---

[1] The following factual allegations are made because they have evidentiary support or they will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

[2] The Policy and the Excess Policy are jointly referred to as the Policies.

[3] The operative complaint in the Hamilton case is the amended complaint filed on July 28, 2025, at Doc. 17, Civ. No. 25-5056.

11, 2022. On that day and in the area of Outlaw Square, Mr. Hamilton jumped off an aerial work platform into an aboveground pool and injured himself when he made contact with the ground. See id.

10. Harley filed a third-party pleading alleging claims against OEG, Prism Supply, LLC, and Patrick Patterson d/b/a Led Sled Customs. See Doc. 40, Civ. No. 25-5056.[4]

11. Harley's amended third-party complaint alleges claims against OEG for contractual indemnity, common law indemnity, and contribution. See id.

12. The amended third-party complaint asserts Harley had a contract with OEG where OEG agreed to indemnify, defend, and hold harmless Harley for claims such as those raised in the Hamilton case. See id.

13. Harley alleges:

> If [the Hamiltons] sustained any damages during an event at Outlaw Square during the 2022 Motorcycle Rally, such damages were proximately caused by [OEG's] negligent acts or omissions, breaches of the warranties, representations, and agreements, and such alleged damages represent a claim or action for or relating to personal loss or injury suffered by a participant, spectator, bystander, or other or their relatives in connection with [OEG's] work pursuant to the [OEG-Harley Agreement].

Id. ¶ 21.

14. OEG's Policy with FFIC states the coverage applies to the event in question in the Hamilton case because it is for the designated event "Deadwood Live! 2022 Music Series."

15. FFIC admitted in a letter dated October 23, 2025 ("the Coverage Letter") that "[t]he Policy indicates that coverage is for the designated event Deadwood Live! 2022 Music Series."

---

[4] The amended third-party complaint at Doc. 40 is the operative third-party pleading.

16. FFIC admitted in the Coverage Letter that "[b]ecause the [Hamiltons] claim[] bodily injury resulting from negligence, coverage is triggered under Section I – Coverages, Coverage A—provided the allegations are against an Insured, as further discussed below."

17. FFIC further admitted in the Coverage Letter that "FFIC, as the insurance carrier for [OEG], has an obligation to defend and indemnify Harley Davidson in the Hamilton Action as an additional insured under the Policy but only to the extent that Harley Davidson's liability arises out of [OEG's] acts or omissions, subject to the other Policy provisions."

18. The Coverage Letter quotes the following exclusion:

Description of Designated Operations or Activities:

The following activities whether incidental or ongoing of the Insured, any Additional Insured, vendor, concessionaire, or independent contractor using any premises owned, operated, rented or maintained by the Insured:

1. Hang Gliding, Pools, Bodies of Water, Lakes, Ponds or any other water or related activity, Parasailing, Parachuting, Tobogganing, Luge, Go-Carts, Motorized Racing of any kind, Monster Truck Events, Skateboarding, Snowboarding, Skiing, Trampolines, Bungee Jumping, Zip Line, Waterslides, Inflatable attractions, Haunted Houses, Hot Air Balloon Rides, Sky Coaster, Roller Coasters and all Amusement Park devices, rides or games, Hay Rides, Rodeo, Mechanical Bulls and Saddle Animals, or any similar activity unless prior written approval has been granted by us.

19. FFIC writes in the Coverage Letter (emphasis in original):

The Policy clearly excludes coverage for "water or related activity" using "any premises owned, rented by the Insured." Harley Davidson - as a possible additional insured - allegedly rented the Square event where the "belly flop contest" took place involving some sort of water related activity where Plaintiff was allegedly injured. We are not in possession of any approvals granted by FFIC to either Oswald or Harley-Davidson in connection with the "belly flop contest" occurring at the 2022 Rally on the pool. Accordingly, **coverage is precluded by operation of the Exclusion – Designated Operations or**

***Activities both for the Named Insured Oswald and for the Additional Insured, Harley Davidson***, in the Hamilton Action.

20. As to the Excess Policy, the Coverage Letter states "FFIC has no current duty to defend or indemnify [OEG] under the Excess Policy because there has not yet been an exhaustion of the Policy to which the Excess Policy follows form [sic]."

21. When OEG received a copy of Harley's third-party complaint and the summons, its representative provided the materials to a representative of FFIC on or around September 18, 2025. On or about that date, OEG put FFIC on notice of a potential claim under the Policies and requested FFIC tender a defense to the claims asserted.

22. FFIC was repeatedly reminded that based on a September 18 date of service, an answer to Harley's claims would be due on October 9, 2025.

23. FFIC failed to tell its insured OEG whether or not it would tender a defense to Harley's claims until its Coverage Letter of October 23, 2025, two weeks after the answer to Harley's claims was due.

24. The underlying pleadings allege that Harley and OEG are liable for event-production operations, not from "pool" operations.

25. The underlying pleadings allege that the Hamiltons suffered damages as a result of Mr. Hamilton jumping off an aerial work platform and making contact with the ground—they do not allege the pool caused the injuries (i.e., that the pool malfunctioned, that someone drowned, etc.).

26. FFIC lacked a reasonable basis to believe that the claims against OEG are completely excluded and it has no duty to tender a defense.

27.     Had FFIC undertaken a reasonable investigation or evaluated the evidence and reasons for coverage and defense available to it in an objective manner, it would have known that excluding the loss and refusing to tender a defense were incorrect decisions.

28.     Part of the premiums OEG pays and other insureds pay are intended to cover the expenses that FFIC incurs to investigate claims properly and tender a defense.

29.     A reasonable investigation requires that FFIC look for reasons to cover claims and tender a defense, not just for reasons why it may avoid covering a claim or tendering a defense.

## COUNT I
### Breach of Contract

30.     Plaintiff realleges the preceding paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth here.

31.     The Policies sold to OEG combined with the payment of premiums amounted to a legally enforceable promise.

32.     FFIC breached its promise to OEG when it failed to tender the defense under the Policies.

33.     The breach of FFIC's promise caused OEG to incur damages in the form of legal bills, costs, and expenses.

## COUNT II
### Declaratory Judgment

34.     Plaintiff realleges the preceding paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth here.

35. The Policies, which constitute agreements between OEG and FFIC, were in effect during the time of the underlying incidents and as of the time when the duty to tender a defense arose.

36. The Policies include coverage for OEG regarding the allegations against it in the Hamilton case.

37. OEG performed its obligations under the Policies by paying the required premiums for coverage.

38. FFIC's duty to defend OEG under the Policies was triggered by the allegations made against OEG in the Hamilton case.

39. Thereafter, FFIC refused and failed to tender a defense to OEG under the Policies.

40. Pursuant to 28 U.S.C. § 2201, OEG seeks a declaratory judgment requiring FFIC to reimburse it for the reasonable attorney fees and expenses it incurred since FFIC failed to tender a defense, and for FFIC to prospectively tender a full defense of OEG in the Hamilton case under the Policies.

## **COUNT III**
### *Vexatious Refusal to Pay Claim*

41. Plaintiff realleges the preceding paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth here.

42. FFIC unreasonably and vexatiously refused to pay insurance benefits under the Policies, requiring the Court to award reasonable attorney fees as authorized under SDCL § 58-12-3.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for damages against Defendant as follows:

(1) For Plaintiff's compensatory, general, and special damages in an amount the jury deems just and proper under the circumstances;
(2) For a declaratory judgment requiring FFIC to reimburse Plaintiff for the reasonable attorney fees and expenses it incurred since FFIC failed to tender a defense, and for FFIC to prospectively tender a full defense of OEG in the Hamilton case under the Policies and in accordance with South Dakota law;
(3) For Plaintiff's attorney fees under SDCL § 58-12-3;
(4) For Plaintiff's costs and disbursements;
(5) For prejudgment and post-judgment interest; and
(6) For such other and further relief as the Court determines to be just and proper.

Dated this 6th day of February, 2026.

**HEIDEPRIEM, PURTELL,
SIEGEL & HINRICHS, LLP**

**BY** /s/ Pete Heidepriem
Scott N. Heidepriem (scott@hpslawfirm.com)
Matthew A. Tysdal (matthew@hpslawfirm.com)
Pete Heidepriem (pete@hpslawfirm.com)
101 W. 69th Street, Suite 105
Sioux Falls, SD 57108
(605) 679-4470

*Attorneys for Oswald Entertainment Group, LLC*

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on all issues and claims so triable.

/s/ Pete Heidepriem
Pete Heidepriem

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Oswald Entertainment Group LLC

**DEFENDANTS**
Fireman's Fund Insurance Company

(b) County of Residence of First Listed Plaintiff: Robertson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pete Heideprien - HPS Law Firm
101 W. 69th St. #105 Sioux Falls, SD

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. §1332(a)

Brief description of cause: Insurance dispute

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 2-6-26

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____